IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

EAGLE FORCE SECURITY SERVICES, INC.
Plaintiff

vs

HOME DEPOT, INC.
Defendant

CIVIL 06-1988CCC

**O R D E R**

The Home Depot, Inc., is a corporation organized under the laws of the state of Delaware with principal offices in Atlanta, Georgia. Eagle Force Security Services, Inc. ("Eagle Force"), is a corporation organized under the laws of the Commonwealth of Puerto Rico. On September 14, 2006, plaintiff, Eagle Force, filed a complaint in the Commonwealth of Puerto Rico Superior Court against Home Depot alleging breach of contract, defamation and seeking collection of moneys, demanding over eight million dollars in damages. On October 2, 2006, defendant filed a notice of removal of said action from the state court pursuant to 28 U.S.C. the §1441 (docket entry 4). Plaintiff moved to remand under 28 U.S.C. §1447(c) alleging that the removal was "waived" by virtue of the forum clauses contained in the contracts executed by the parties. On November 9, 2006 defendant filed its opposition contending that remand would be in conflict with Autoridad de Energía Eléctrica v. Ericsson, 201 F.3d, 5 (1st Cir. 2000).

This is a case in which both parties agree that diversity jurisdiction lies pursuant to 28 U.S.C. §1332, as it involves a matter in controversy which exceeds $75,000 and is between parties that are citizens of different states. There are two contracts signed by the parties. One of these contracts applies to armed guards and the other to unarmed guards that functioned as door monitors in defendant's stores. The first contract in its clause 11 provides: "This contract may not be modified, except with the express consent in writing, of both parties and shall be subject to the laws and jurisdiction of the courts of the Commonwealth of Puerto Rico."

CIVIL 06-1988CCC                              2


The second contract in its clause 13 provides: "THIRTEENTH.  Applicable law: jurisdictional venue.  For all disagreement that may arise in the interpretation and application of this Contract, the parties submit to the authority of the Courts of San Juan, Puerto Rico, and the applicable laws of the Commonwealth of Puerto Rico."

Plaintiff alleges that taken together both clauses clearly show that the parties agreed to litigate any matters under the contract in the Commonwealth and thus waived any right of removal to the federal forum.  We do not agree.  The forum clause in Ericsson, whose text was very similar to the ones at issue in this case, provided: "This contract will be governed and interpreted pursuant to the Laws of the Commonwealth of Puerto Rico and the parties agree to submit to the jurisdiction of the courts of the Commonwealth of Puerto Rico."

The First Circuit interpreted the language of the contract and, following its previous decision in Redondo Construction Corp. v. Banco Exterior de España, 11 F3d 3, 6 (1st Cir. 1993) read the clause "to be an affirmative conferral of personal jurisdiction by consent, and not a negative exclusion of jurisdiction in other courts.

The Court finds that the interpretation of the forum clauses in this case essentially identical to those in Redondo and Ericsson, supra, is controlled by Circuit's decision in those cases.  Accordingly, the Motion to Remand (**docket entry 2**) is DENIED.

SO ORDERED.

At San Juan, Puerto Rico, on December 14, 2006.


                                                            S/CARMEN CONSUELO CEREZO
                                                            United States District Judge